UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAKESHA L. NORINGTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:13-CV-184 JD |
| STATE OF INDIANA, | ) ) ) |
| Defendant. | ) |

OPINION AND ORDER

Lakesha L. Norington, a *pro se* prisoner, wants to change her name. Norington's legal name is Shawntrell Marcel Norington. Norington is a transsexual. Biologically male, but psychologically female. OXFORD ENGLISH DICTIONARY (online version March 2013) ("[H]aving physical characteristics of one sex and psychological characteristics of the other."). As such, she refers to herself using female pronouns and has adopted a female name. Norington was convicted under the name Shawntrell Marcel Norington and is housed in a men's prison because she is anatomically male. As is the practice for this court and many others, the opinions of this court refer to her using her adopted name and female pronouns. *See Norington v. Daniels*, 3:11-CV-282 RM (N.D. Ind. filed July 14, 2011) (The order dated October 13, 2011, (ECF 13) explained the court's use of adopted names in a variety of cases and denied a request for the court to use only commitment names.)

In this case, Norington is suing the State of Indiana to obtain a name change. She states that in 2007, she "petitioned the Madison County Court for a name change, but was unable to pay the fees thereto associated." ECF 1 at 2. She makes no mention of having appealed the State court's ruling denying her a name change, but the result of this case would not be different whether she appealed or not. Now, she asks for this court to grant her a name change, order the State of Indiana

and all of its various agencies (including the Indiana Department of Correction) to change her name in their records, and order the Social Security Administration to change its records too.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Here, there are several reasons why Norington has not stated a claim for which this court can grant her relief. Norington asks this court to change her name, but "[n]o authority vests with the

federal courts to grant a name change." *United States v. Soltero*, 510 F.3d 858, 865 (9th Cir. 2007). Federal courts have limited jurisdiction and are obligated to inquire into their own subject matter jurisdiction. *Thomas v. Guardsmark, LLC*, 487 F.3d 531 (7th Cir. 2007). Because granting a name change is beyond the jurisdictional authority of this court, Norington has not stated a claim.

To the extent that Norington is asking this court to overturn the ruling of the State court in Madison County, this court lacks the jurisdiction to do that too. The authority of federal district courts to review state court judgments and related claims has been strictly limited by the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923 ).

> Under the *Rooker-Feldman* doctrine, lower federal courts lack subject-matter jurisdiction when, after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment. In determining whether a federal plaintiff seeks review of a state-court judgment, we ask whether the injury alleged resulted from the state-court judgment itself. If it does, *Rooker-Feldman* bars the claim.

*Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007) (citations omitted). Simply put, the *Rooker-Feldman* doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims 'inextricably intertwined' with state court judgments." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). "[O]nly the Supreme Court of the United States may set aside a state court's decision in civil litigation." *Simmons v. Gillespie*, 12-3381, slip op. at 3 (7th Cir. March 19, 2013).

Thus, this court lacks the jurisdiction to independently change Norington's name and it also lacks the jurisdiction to overturn the ruling of the State court in Madison County. Because this court lacks the jurisdiction to grant the relief Norington seeks, this complaint does not state a claim on which relief can be granted and it must be dismissed.

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915A because it does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED:   April 1, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court